## Emmons, et al. v. Evans, et al.
## Payne v. Emmons, et al.

(Decided December 4, 1917.)

### Appeals from Fleming Circuit Court.

1. Waste—One Joint Tenant May Recover Damages for Waste Committed by Other.—Under section 2332 of the Kentucky Statutes a tenant in common, joint tenant or parcener who commits waste is liable to his co-tenants, jointly or severally, for damages.

2. Joint Tenancy—Liability of Tenant to Co-tenants for Selling Timber from Land Jointly owned.—One joint tenant cannot, without the consent of the other joint tenant, sell timber from the land jointly owned, and if he does so he must pay the other joint tenant his share of the proceeds.

3. Joint Tenancy—Action by One Tenant to Recover from Other Is Not Action in Trespass.—An action under the statute by one joint tenant to recover from the other his interest in timber that the other had wrongfully taken from the land and sold, is not an action in trespass but an action under the statute to recover for waste.

4. Joint Tenancy—Recovery by One Who Has Paid to One of the Others More than His Share.—One joint tenant, who sold timber from the land jointly owned and paid to one of the other tenants more than his share of the proceeds of the timber, may recover from him the excess.

O. R. BRIGHT for C. E. Payne.

B. S. GRANNIS for A. T. Emmons, et al.

J. H. POWER and R. J. BABBITT for M. A. Evans, et al.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming on Emmons' appeal and denying Payne's motion for an appeal.

This suit was brought in September, 1911, by M. A. Evans and Amanda McRoberts as remote heirs of St. Clair Emmons, for the benefit of themselves and others of his heirs. They set up in their petition that St. Clair Emmons died intestate many years before, the owner of a tract of land containing about a hundred acres; that no division of the land had ever been made among his heirs; that the debts of the decedent had long since been fully paid, and that at his death the title to the land passed to the plaintiffs and those for whom they sued and the other heirs at law of the decedent, among whom was A. T. Emmons, a grandchild; that the tract of land was covered with valuable timber, and that A. T. Emmons had wrongfully and without the consent of the other heirs sold from the land timber of the value of three thousand dollars and converted the proceeds to his own use. They sought judgment against Emmons for the value of the timber so taken from the land and converted.

Emmons for answer, counter-claim, set-off and cross-petition, after admitting that he was one of the joint owners, denied that he had wrongfully cut or sold from the land any timber or converted the proceeds thereof to his own use. He further set up that for more than fifteen years prior to the institution of this suit he had assessed the land in his own name and paid the taxes thereon; that it was wild, uninhabited land, and that none of the joint owners, except himself, paid any attention to it. He averred that he should have credit for the taxes paid, and for the value of his services in looking after the land. He further said that he did sell timber from the land and received therefor one thousand dollars, but that Charles E. Payne, one of the heirs at law of St. Clair Emmons, received $450.00 of the thousand dollars, and if any judgment was had against him, he should have a judgment against Payne on his cross-petition for the $450.00 paid to him, as in selling the timber he had acted for himself and Payne and under an agreement with Payne.

In an amended pleading Emmons further set up that for more than fifteen years before the institution of this suit he had been in the open and adverse possession of this tract of land, and believing that he was the owner

of it, he had in good faith sold and removed timber there-from.

Payne, for answer to the cross-petition against him, admitted that he had received from A. T. Emmons $450.00 for his interest in the timber, but in denial of the right of Emmons to recover back any part of it, set up that he was a joint tort-feasor with Emmons and consequently Emmons could not maintain a cause of action against him. He further denied that Emmons sold the timber under an agreement with him or by his direction or consent.

In November, 1916, Emmons offered an amended answer, which the court refused to permit to be filed, in which he denied that the plaintiffs in the suit were the owners of or had any interest in the land as the heirs of St. Clair Emmons, or that the decedent had any interest in the land at the time of his death.

After the evidence in the case had been taken it was submitted for judgment, and the court, after awarding to A. T. Emmons his proportion of the one thousand dollars, as an heir of St. Clair Emmons, gave a judgment against him in favor of the other heirs for the amount due them. He also gave Emmons a judgment against Payne for the amount of the money realized from a sale of the timber that had been paid to Payne, less the amount of Payne's interest therein as an heir.

Emmons prosecutes this appeal from the judgment against him, and Payne, against whom there was a judgment for less than five hundred dollars, asks that we grant him an appeal.

From this statement of the case it would seem that there was little to be said in favor of reversing the judgment against Emmons or granting Payne an appeal, but we will briefly call attention to and dispose of the grounds of reversal relied on by Emmons and Payne.

For Emmons it is said (1) that the judgment should be reversed because the plaintiffs showed no title in themselves, and (2) because Emmons did not commit any trespass upon the land.

The plaintiffs charged in their petition that Emmons was one of the heirs of St. Clair Emmons and one of the joint owners of the land, and Emmons in his answer did not deny either of these averments. On the contrary, he indirectly admitted that he was one of the joint owners of the land. It is true, however, that he did, after the case had been pending for four or five years, offer an amended answer denying that St. Clair Emmons was

the owner of the land at the time of his death and averring that the plaintiffs had no title to it as the heirs of St. Clair Emmons. This pleading was in direct contradiction of two other answers filed by him, and coming at the time it did, we do not think the court abused a sound discretion in refusing to permit it to be filed. We will, therefore, treat the case as if Emmons and the plaintiffs were joint owners of the land, and so looking at it, there can be no doubt that the other joint owners had the right to recover from Emmons their proportion of the value of the timber that he had sold from the land.

Section 2332 of the Kentucky Statutes authorizes an action like this by providing that "If a tenant in common, joint tenant, or parcener commit waste, he shall be liable to his co-tenants jointly or severally for damages." In addition to this, it has been written many times that one joint tenant cannot, without the consent of the other joint tenant, sell timber from the land jointly owned, and that if he does so, he must pay the other joint tenant his share of the proceeds. This was not an action for trespass, but an action under the statute by several joint tenants to recover from one of their number their interest in timber that he had wrongfully taken from the land and sold, converting the proceeds to his own use. This is all that we think necessary to say on the subject of Emmons' appeal.

For Payne it is contended that there should not, on the record, have been a judgment against him in favor of Emmons for any amount. But this contention is not well founded, because Payne admitted in his answer that he was one of the heirs of St. Clair Emmons, and this being so, he had an interest in the land and timber. He further admitted that A. T. Emmons had paid him $450.00 in full settlement of his interest in the timber, but attempts to evade liability to Emmons upon the ground (1) that there was no evidence authorizing a judgment against him, and (2) that as he and Emmons were joint tort-feasors, neither could have contribution from the other on account of anything growing out of their joint unlawful acts.

In respect to the want of evidence, there was no need for any, as Payne admitted in his pleading everything necessary to authorize a recovery against him by Emmons. Nor did they occupy towards each other the relation of joint tort-feasors. They were joint owners of the land and Emmons, under the mistaken belief that he owned the land and timber, except that part of it to which

Payne was entitled as a co-tenant, sold the timber and paid Payne $450.00 in full of Payne's interest in the proceeds of the timber. He should, of course, have given Payne only his share of the proceeds of the timber, and if he paid him more than his share of it, he had the right to recover it back. This was the ground of Emmons' action against him, and under the judgment Payne was required to return only so much of the $450.00 as he was not entitled as one of the joint owners to retain. In other words, under the judgment he was allowed to keep what he was entitled to and required to return the excess.

Wherefore, the judgment on the appeal of Emmons is affirmed, and the motion by Payne to grant him an appeal is denied.